GISKAN SOLOTAROFF & ANDERSON LLP
1 Rockefeller Plaza, 8th Floor
New York, New York 10020
(212) 847-8315
Jason L. Solotaroff
Oren Giskan
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

| | |
|---|---|
| VINICIO ANTONIO MADERA NUNEZ and THOMAS CARTER, individually and on behalf of all others similarly situated, | : : : : |
| Plaintiffs, | : Civil Action No.: 1:25-cv-02384 : |
| -against- | : **COMPLAINT** : : |
| JETBLUE AIRWAYS INC., | : : |
| Defendant. | : |

-------------------------------------------------------x

Plaintiffs Vinicio Antonio Madera Nunez and Thomas Carter (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Giskan Solotaroff & Anderson LLP, complaining of the Defendant, JetBlue Airways Inc., ("JetBlue") respectfully allege as follows:

**I. Nature of Action**

1. This is a collective and class action seeking relief for JetBlue's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), and the New York Labor Law §§ 193 and 650 *et seq.* (the "NYLL").

2. The case arises from JetBlue's daily automatic deduction of 30 minutes from its employees' wages for a "break," even when employees were not assigned breaks or were required to work through their breaks.

3. In 2023, recognizing that employees were not being paid for breaks or even assigned

1

them, JetBlue introduced a time and attendance system known as "Maple" in an attempt to remedy the problem.

4. However, even after the introduction of Maple, which does assign an employee a break, employees are still not being paid when they are required to work through their breaks.

## II. Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

6. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and JetBlue conducts business within this judicial district.

## III. Parties

8. Plaintiffs are individuals residing in the State of New York.

9. Defendant JetBlue is a Delaware corporation with its principal place of business located at 27-01 Queens Plaza North, Long Island City, New York.

10. At all relevant times, Plaintiffs were JetBlue's "employees" and JetBlue was their "employer" within the meaning of FLSA §§ 203(d) and 203(e), NYLL §§ 190(2) and (3).

11. At all relevant times, JetBlue's gross revenues were in excess of $500,000.00 per year.

12. JetBlue operates in interstate commerce.

13. Vinicio Antonio Madera Nunez worked for JetBlue as Ground Operations Crew, beginning in December 2021. In March 2025, Mr. Madera Nunez's employment was terminated.

14. During Mr. Madera Nunez's employment at JetBlue, he was subject to JetBlue's policy of automatically deducting 30 minutes of pay per day, but until the Maple system was implemented in 2023, he was not assigned a break from work where he could be assured of being off of work for 30 minutes. As a result, Mr. Madera Nunez did not receive pay for 30 minutes of work each workday. Even after the Maple system was implemented and Mr. Madera Nunez was assigned a break each day, he would be required to work though his breaks, resulting in him not receiving pay for 30 minutes of work on those days.

15. Thomas Carter worked for JetBlue as Ground Operations Crew beginning in June 2014 and was paid on an hourly wage basis. Beginning in July 2022, Mr. Carter was assigned some supervisory duties and was paid on a salary basis, without time deducted for breaks. In January 2024, Mr. Carter's employment at JetBlue was terminated.

16. During Mr. Carter's employment at JetBlue, while he was paid on an hourly wage basis, he was subject to JetBlue's policy of automatically deducting 30 minutes of pay per day, but was not assigned a break from work where he could be assured of being off of work for 30 minutes, resulting in him not receiving pay for 30 minutes of each day worked.

17. During the employment of Mr. Madera-Nunez, and Mr. Carter at JetBlue, they frequently discussed with co-workers how JetBlue's automatic break deduction policy resulted in employees not being paid for all of their time.

18. In 2023, JetBlue implemented a time and attendance application for ramp workers, known as Maple, through which employees are assigned a break each day.

19. While Maple has resulted in employees being assigned breaks, during busy periods employees are still assigned to work during their assigned breaks, and still have their wages reduced for the 30 minute "break" they were not able to take.

IV. **FLSA Collective Action Allegations**

20. Claim One in this Complaint, which arises under the FLSA, is brought by Plaintiff

3

Madera Nunez ("FLSA Plaintiff") on behalf of themselves and similarly situated persons who were employed by JetBlue as ground operations employees throughout the United States within three (3) years of the filing of this Complaint and who elect to opt- in to this action (the "FLSA Collective Plaintiffs").

21. The FLSA Collective Plaintiffs consist of no less than ten (10) similarly situated current and former employees of Defendants who have been victims of JetBlue's common policies and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them wages and other pay.

22. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed FLSA Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes failing to pay employees wages for time as a result of the automatic break deduction policy. JetBlue's unlawful practices described herein were uniformly implemented at all of their facilities.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to FLSA Plaintiff and the FLSA Collective Plaintiffs.

24. The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

V.  **Class Allegations**

25. Claims Two and Three, which arise under the NYLL, are brought by Plaintiffs as a class action, pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of themselves and all other similarly situated persons who were employed by JetBlue in ground operations in the State

of New York since the date six (6) years prior to the filing of the original Complaint (the "Rule 23 Class").

26. The Rule 23 Class all suffered from the same automatic break deduction policy. JetBlue was fully aware that Plaintiffs and the Rule 23 Class had wages wrongfully deducted by virtue of its automatic break deduction policy in violation of New York Labor Law §193.

27. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to Plaintiffs and the Rule 23 Class.

28. As a result of Defendants' conduct, Defendants are liable to Plaintiffs and the Rule 23 Class for the full amount of the wages taken, the statutory damages owed, plus an additional amount as liquidated damages, plus interest, attorneys' fees, and costs.

29. Certification of the Rule 23 Class's claims as a class action is the most efficient and economical means of resolving the common questions of law and fact central to Plaintiffs' claims and the claims of the Rule 23 Class.

30. Without class certification, the same evidence and issues would be open to re-litigation in duplicative individual lawsuits with the attendant risk of inconsistent judgments and conflicting obligations for Defendant.

31. Plaintiffs' claims raise questions of law and fact common to the Rule 23 Class, including:

    a. Whether JetBlue employed Plaintiffs and the Rule 23 Class within the meaning of the NYLL;

    b. Whether JetBlue made improper deductions from the wages of the Plaintiffs and the Rule 23 Class;

    c. Whether Defendants provided Plaintiffs and the Rule 23 Class with accurate wage statements; and

      d.      Whether Defendants' violations of the NYLL and/or its regulations were willful.

32. These common questions of law and fact arise from the same circumstances and events, and each class member will make the same legal and factual arguments to prove liability.

33. Plaintiffs are members of the Rule 23 Class that they seek to represent, and their claims are typical of the Rule 23 Class. The relief Plaintiffs seek is also typical of the relief sought on behalf of the Rule 23 Class.

34. Plaintiffs' interests are co-extensive with those of the Rule 23 Class that they seek to represent, and they are willing and able to represent those interests fairly.

35. Plaintiffs have retained experienced counsel who are qualified to prosecute this action, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

36. The combined interests, experience and resources of Plaintiffs and their counsel to litigate the Rule 23 Class claims at issue in this action satisfy the adequacy of representation requirement of FRCP 23.

37. The common issues of fact and law affecting Plaintiffs' and the Rule 23 Class's claims, including the issues identified in this section, predominate over any issues affecting only Plaintiffs or other individual claims.

38. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs who might otherwise litigate identical claims.

39. The Rule 23 Class is so numerous that the joinder of all members is impracticable.

40. While the exact number of the Rule 23 Class is unknown to Plaintiffs at the present time, upon information and belief, there are at minimum one thousand (1,000) similarly situated persons who were/are employed by Defendant as non-exempt hourly workers during the applicable

statute of limitations period.

### FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS
(Minimum Wage Violations Under the FLSA)

41. FLSA Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeat and reallege all prior allegations set forth above.

42. Pursuant to the applicable provisions of the FLSA, FLSA Plaintiff and the FLSA Collective Plaintiffs were entitled to the statutory minimum hourly wages for the hours they worked.

43. By virtue of the automatic break deduction policy, and the practice of requiring employees to work through breaks, JetBlue knowingly failed to pay FLSA Plaintiff and the FLSA Collective Plaintiffs the statutory minimum wages for the hours they worked.

44. As a result of JetBlue's violations of the law and failure to pay FLSA Plaintiffs and the FLSA Collective Plaintiffs the required minimum wages, FLSA Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

45. As JetBlue did not have a good faith basis to believe that its failure to pay minimum wages was in compliance with the law, FLSA Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

46. Judgment should be entered in favor of FLSA Plaintiff and the FLSA Collective Plaintiffs and against JetBlue on the First Cause of Action in the amount of their respective unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS
(Unlawful Deductions in Violation of New York Labor Law §193)

47. Plaintiffs repeat and reallege all prior allegations set forth above.

48. Pursuant to New York Labor Law §193, employers are prohibited from making unauthorized deductions from employees' wages.

49. Throughout the relevant time period, JetBlue automatically deducted 30 minutes from its employees' wages for a "break," despite the fact that employees either were not assigned breaks or worked through their breaks.

50. As a result of JetBlue's violation of Labor Law §193, Plaintiffs and the Rule 23 Class have been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs.

51. As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs and the Rule 23 Class are entitled to liquidated damages.

52. Judgment should be entered in favor of Plaintiffs and the Rule 23 Class in the amount of their respective unpaid minimum wage, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFFS, INDIVIDUALLY, AND THE RULE 23 CLASS**
(Failure to Provide Wage Statements Under the NYLL)

53. Plaintiffs repeat and reallege all prior allegations.

54. Throughout the relevant time period, as a result of the wrongful deduction of wages for breaks not assigned or taken, JetBlue failed to furnish to Plaintiffs and the Rule 23 Class, with each wage payment, a statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

55. As JetBlue failed to provide Plaintiffs and the Rule 23 Class with wage statements

8

as required by NYLL § 195(3), Plaintiffs and the Rule 23 Class are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

56.     Judgment should be entered in favor of Plaintiffs and the Rule 23 Class and against Defendants on the Third Cause of Action in the amount of $5,000.00 to Plaintiffs and each member of the class, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**WHEREFORE**, Plaintiffs pray for relief as follows:

- a. On the First Cause of Action for all minimum wages due to Plaintiffs and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;
- b. an order certifying the class under Rule 23, appointing Plaintiff as Class Representatives and their counsel as Class Counsel;
- c. on the Second Cause of Action for all improperly deducted wages due to Plaintiffs and the Rule 23 Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;
- d. on the Third Cause of Action for liquidated damages due to Plaintiffs and the Rule 23 Class in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with reasonable attorney's fees in an amount to be determined by this Court;
- e. Interest;
- f. Costs and disbursements; and
- g. Such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 29, 2025

/s/
Jason L. Solotaroff
Oren Giskan
90 Broad Street
New York, New York 10004
Telephone: (646) 964-9640
jsolotaroff@gslawny.com
*Counsel for Plaintiffs and the Putative Collective and Class*